**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **GREGORY SCOTT GALATIAN, on behalf of himself and others similarly situated,** | ) | Docket No. CIV-20-229-SLP |
| **Plaintiff,** | ) | **JUDGE** |
| **v.** | ) | **<u>COLLECTIVE ACTION COMPLAINT</u>** |
| **CORECIVIC OF TENNESSEE, LLC** | ) | **<u>JURY DEMAND INCLUDED HEREON</u>** |
| **Defendant.** | ) | |

For his Collective Action Complaint against CoreCivic of Tennessee, LLC, Plaintiff Gregory Scott Galatian states and alleges as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that an action to recover the liability prescribed by the FLSA may be maintained against any employer by any one or more employees for and on behalf of himself and other employees similarly situated. Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who may join this case pursuant to § 216(b).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5. Plaintiff is a resident of Oklahoma who was employed by Defendant as correctional officer within the last three years.

6. Defendant Core Civic of Tennessee, LLC is a for-profit limited liability company organized under the laws of Tennessee.

7. Defendant operates dozens of correctional facilities throughout the country including at least four in Oklahoma: Cimarron Correctional Facility in Cushing; Davis Correctional Facility in Holdenville, Diamondback Correctional Facility in Watonga, and North Fork Correctional Facility in Sayre.

8. Defendant is in the business of operating private prisons and employed Plaintiff at its Cimarron Correctional Facility in Cushing (Payne County) during all times relevant to this Complaint.

9. At all times relevant, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

10. At all times relevant, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

11. At all times relevant to this Complaint, Defendant employed Plaintiff and other similar situated correctional officers in a non-exempt hourly capacity.

12. During all times relevant to this Complaint, Plaintiff and other similarly situated correctional officers frequently worked in excess of 40 hours per week.

13. Defendant's correctional officers are responsible for the custody and discipline of detainees held at Defendant's facilities.

14. Among other duties, the correctional officers search for contraband and provide security, count, feed, and supervise detainees.

**Defendant Fails to Compensate Correctional Officers for Completing Security Screenings Before Each Shift**

15. At the beginning of each shift, prior to clocking in, Defendant requires Plaintiff and other similarly situated correctional officers to undergo a security screening.

16. During the security screening the correctional officers empty their pockets, remove their shoes, belts, and jackets and all metal objects, empty their bags, and submit any personal items in their possession for inspection.

17. The correctional officers then walk through a metal detector before reclaiming their possessions and donning their shoes, belts, and jackets.

18. Defendant requires the correctional officers to undergo this screening for the purposes of safety, and to prevent officers from inadvertently or intentionally bringing contraband into the prison.

19. Keeping weapons and other contraband out of the prison is necessarily tied to the correctional officers' work of providing prison security and searching for contraband.

20. Thus, undergoing security screenings is integral and indispensable to the officers' principal job-related activities.

21. Defendant, however, fails to compensate Plaintiff and similarly situated correctional officers for time spent undergoing pre-shift security screenings.

22. Practices at all four of Defendant's Oklahoma facilities are identical in material respects.

23. Defendant's failure to compensate Plaintiff and the similarly situated correctional officers resulted in unpaid overtime in violation of the FLSA. *See, Aguilar, et al. v. Management & Training Corporation*, 2020 U.S. App. LEXIS 3339 (10th Cir. Feb. 4, 2020) (pre-shift security screenings of corrections officers are integral and indispensable under *Busk* and therefore must be counted as hours worked for purposes of computing overtime).

**<u>COLLECTIVE ACTION ALLEGATIONS</u>**

24. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

25. Defendant maintains private prison facilities nationwide.

26. Plaintiff bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that an action to recover the liability prescribed by the FLSA may be maintained against any employer by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

27. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations consist of:

> All current and former correctional officers employed by Defendant at any of its locations in Oklahoma within the three years preceding this action.

28. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay for pre-shift work resulting in unpaid overtime, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

29. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

30. The persons similarly situated to Plaintiffs are readily identifiable through the payroll records Defendant was required to maintain pursuant to the FLSA.

**COUNT ONE**
**(FLSA Overtime Violations)**

31. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

32. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to become a party to this action pursuant to § 216(b) is being filed with the Court as **Exhibit 1** to this Complaint.

33. The FLSA requires that Defendant's non-exempt hourly employees receive overtime compensation for all hours worked in excess of 40 in a workweek.

34. Plaintiff and the Potential Opt-Ins should have been paid overtime compensation at the rate of one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

35. Defendant failed to pay the overtime compensation to Plaintiff and the Potential Opt-Ins.

36. By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

37. As a result of Defendant's violations of the FLSA, Plaintiff and the Potential Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the Plaintiffs or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendants, and costs of the action."

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, and all similarly situated employees, collectively pray that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to

similarly situated persons informing them of this action and enabling them to opt in;

B. Enter judgment against Defendant and in favor of Plaintiff and the Opt-Ins;

C. Award compensatory damages to Plaintiff and the Opt-Ins in the amount of their unpaid wages, as well as liquidated damages in an equal amount; and

D. Award Plaintiff and the Opt-Ins pre-judgment and post-judgment interest at the statutory rate;

E. Award Plaintiff and the Opt-Ins costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Hans A. Nilges*
Hans A. Nilges (076017)
Shannon M. Draher (0074304)
7266 Portage street, N.W. Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

-and-

/s/Edward L. White
Edward L. White (Okla. Bar. No. 16549)
Kerry D. Green (Okla. Bar No. 31998)
Edward L. White, PC
829 E. 33rd Street
Edmond, OK 73013
Telephone: (405) 810-8188
Facsimile: (405) 608-0971
Email: ed@edwhitelaw.com
kerry@edwhitelaw.com

*Counsel for Plaintiff*

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all claims so triable.

*/s/ Hans A. Nilges*
Hans A. Nilges

*Counsel for Plaintiff*