## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

GREGORY SCOTT GALATIAN, on behalf of himself and others similarly situated,

        Plaintiff,

    v.

CORECIVIC OF TENNESSEE, LLC,

        Defendant.

Docket No. 5:20-cv-00229-SLP

## DEFENDANT'S ANSWER TO
## PLAINTIFF'S COLLECTIVE ACTION COMPLAINT

Defendant CoreCivic of Tennessee, LLC ("Defendant"), by and through its attorneys, files this Answer to the Collective Action Complaint ("Complaint") filed by Plaintiff Gregory Scott Galatian ("Plaintiff"). Defendant denies each and every allegation in the Complaint not specifically admitted herein (including averments contained in numbered paragraphs and unnumbered section headers) and further responds to the Complaint below:

### INTRODUCTION

1. Paragraph 1 consists of a purported statement of legal intent, to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to bring an action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (the "FLSA"). Defendant denies all remaining allegations contained in Paragraph 1.

2.     Paragraph 2 consists of purported statements of legal intent, to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to bring an action on an individual and collective basis under the FLSA. Defendant denies all remaining allegations contained in Paragraph 2.

## JURISDICTION AND VENUE

3.     Paragraph 3 consists of a purported legal conclusion, to which no response is required. To the extent a response is required, Defendant admits the Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331.

4.     Paragraph 4 consists of a purported legal conclusion, to which no response is required. To the extent a response is required, Defendant admits this action may have been brought in this Court or in the United States District Court for the Middle District of Tennessee, where Defendant has its principal place of business.

## PARTIES

5.     Answering Paragraph 5, Defendant admits it employed Plaintiff as a Correctional Officer in the last three years. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations pertaining to Plaintiff's residence and therefore denies the remaining allegations in Paragraph 5.

6.     Answering Paragraph 6, Defendant admits that CoreCivic of Tennessee, LLC is a limited liability company organized under the laws of Tennessee.

7.     Answering Paragraph 7, Defendant admits that it operates dozens of correctional facilities throughout the country, including Cimarron Correctional Facility, Davis Correctional Facility, and Diamondback Correctional Facility. Defendant denies the

remaining allegations contained in Paragraph 7.

8.    Answering Paragraph 8, Defendant admits it employed Plaintiff at the Cimarron Correctional Facility, which is located in Payne County, Oklahoma. Defendant denies all remaining allegations contained in Paragraph 8.

9.    Paragraph 9 consists of a purported legal conclusion, to which no response is required. To the extent a response is required, Defendant does not dispute that it was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d).

10.    Paragraph 10 consists of a purported legal conclusion, to which no response is required. To the extent a response is required, Defendant does not dispute that it was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

11.    Answering Paragraph 11, Defendant admits it employed Plaintiff as an hourly, non-exempt Correctional Officer. The remaining allegations consist of purported legal conclusions, to which no response is required. To the extent a response is required, Defendant denies all remaining allegations contained in Paragraph 11.

12.    Defendant admits that Plaintiff worked in excess of 40 hours during at least one workweek during the three years preceding the filing of the Complaint. Defendant denies all remaining allegations contained in Paragraph 12.

13.    Defendant denies all the allegations contained in Paragraph 13. By way of further response, during his employment as a Correctional Officer, Plaintiff performed a variety of duties to provide for the security, care, and supervision of inmates in a correctional facility.

14.     Defendant denies all the allegations contained in Paragraph 14. By way of further response, during his employment as a Correctional Officer, Plaintiff may have been called upon to perform searches of objects capable of concealing contraband, provide for the security of inmates, perform inmate counts, serve food, and supervise inmates, among other duties.

15.     Defendant denies all the allegations contained in Paragraph 15. By way of further response, Defendant states that all individuals who enter CoreCivic's correctional facilities must undergo a security screening. Consistent with that requirement, and during his employment as a Correctional Officer, Plaintiff was required to undergo a security screening as an activity preliminary to his work as a Correctional Officer.

16.     Answering Paragraph 16, Defendant states that all individuals who enter CoreCivic's correctional facilities must undergo a security screening, which may include removing items from their pockets, removing shoes, belts, and jackets, removing metal objects, and submitting such items, along with bags or other personal items in their possession, for inspection. Defendant denies all remaining allegations contained in Paragraph 16.

17.     Answering Paragraph 17, Defendant states that all individuals who enter CoreCivic's correctional facilities must undergo a security screening, which may include walking through a metal detector before reclaiming their items and donning shoes, belts, and/or jackets. Defendant denies all remaining allegations contained in Paragraph 17.

18.     Defendant denies the allegations in Paragraph 18.

19.     Defendant denies the allegations in Paragraph 19.

20.    Defendant denies the allegations in Paragraph 20.

21.    Answering Paragraph 21, Defendant admits that it did not take into account the time spent by Plaintiff undergoing a security screening preliminary to his work as a Correctional Officer when determining his compensable hours worked. Defendant denies the remaining allegations in Paragraph 21.

22.    Defendant denies the allegations in Paragraph 22.

23.    Defendant denies the allegations in Paragraph 23.

## COLLECTIVE ACTION ALLEGATIONS

24.    Defendant re-alleges and incorporates by reference each and every response, answer, and averment in the preceding paragraphs, as if fully set forth herein.

25.    Defendant admits the allegations in Paragraph 25.

26.    Paragraph 26 consists of a purported legal conclusion, to which no response is required. To the extent a response is required, Defendant states that the provisions of the FLSA speak for themselves. To the extent Paragraph 26 is intended to assert any factual allegations, Defendant denies each and every allegation therein.

27.    Paragraph 27 consists of a mixed statement of factual allegation and a description or definition of Plaintiff's proposed collective. Defendant denies the factual allegation. To the extent a response is required to the description or definition of Plaintiff's proposed collective, Defendant specifically denies any claim or implication by Plaintiff that this action is appropriate to be certified or maintained as a collective action. Defendant denies all remaining allegations contained in Paragraph 27.

28.    Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

## COUNT ONE
### (FLSA Overtime Violations)

31. Defendant re-alleges and incorporates by reference each and every response, answer, and averment in the preceding paragraphs, as if fully set forth herein.

32. Paragraph 32 consists of purported statements of legal intent, to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to bring an action on an individual and collective basis under the FLSA. Defendant further admits that Exhibit 1 to the Complaint is a Consent to Join, purporting to be executed by Plaintiff. Defendant denies all remaining allegations contained in Paragraph 32.

33. Paragraph 33 consists of a purported legal conclusion, to which no response is required. To the extent a response is required, Defendant states that the provisions of the FLSA speak for themselves. Defendant denies all remaining allegations contained in Paragraph 33.

34. Paragraph 34 consists of a purported legal conclusion, to which no response is required. To the extent a response is required, Defendant states that the provisions of the FLSA speak for themselves. Defendant denies all remaining allegations contained in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37.    Paragraph 37 consists of a mixed statement of factual allegations and legal conclusions. As to the purported legal conclusions, no response is required, but to the extent a response is required, Defendant states that the provisions of the FLSA speak for themselves. Defendant denies all remaining allegations contained in Paragraph 37.

## PRAYER FOR RELIEF

Responding to the Complaint's PRAYER FOR RELIEF and each of its subparts, Defendant denies that Plaintiff is entitled to any of the relief Plaintiff seeks, or in the manner Plaintiff seeks it, and otherwise denies the allegations in Plaintiff's PRAYER FOR RELIEF. Defendant reserves the right to seek its fees and costs incurred in defending this action.

## JURY DEMAND

Responding to the Complaint's JURY DEMAND that appears on page 8 of the Complaint, Defendant states that this Paragraph contains no allegations to which Defendant must respond. To the extent a response is required, Defendant admits that Plaintiff purports to request a jury trial.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses to Plaintiff's claims, which also may apply to the claims of the putative collective and the alleged similarly-situated individuals Plaintiff seeks to represent. Although Plaintiff is not similarly situated to any other employees of Defendant, for any individual other than Plaintiff who is part of the putative collective or who files a consent to join form in this action, Defendant reserves the right to assert any of these or any additional defenses as to each such individual. By

asserting these defenses, Defendant does not concede that it has the burden of proof as to any such defense. Defendant also reserves the right to raise any and all other defenses that may become evident during discovery and during any other proceedings in this action.

1.    Plaintiff's Complaint fails to state a claim upon which relief can be granted, in whole or in part.

2.    Plaintiff cannot satisfy the requirements of a collective action under the FLSA, and some or all claims asserted are barred, because Plaintiff is not "similarly situated" to the group of individuals Plaintiff seeks to represent under 29 U.S.C. § 216(b), and the alleged similarly-situated individuals Plaintiff seeks to represent are not similarly situated to one another.

3.    Plaintiff's claims and those alleged similarly-situated individuals Plaintiff seeks to represent are barred in whole or in part by the applicable statute of limitations. Specifically, the statute of limitations under the FLSA is two years, unless the cause of action arose out of a willful violation (in which case the statute of limitations is three years). Plaintiff's claims do not arise out of a willful violation, so the applicable statute of limitations under the FLSA is two years.

4.    The claims of Plaintiff and the alleged similarly-situated individuals Plaintiff seeks to represent are barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 251, *et seq.*, because actions taken in connection with Plaintiff's compensation and/or the compensation of the allegedly similarly-situated individuals Plaintiff seeks to represent were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations,

8

and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

5.　　The claims of Plaintiff and the alleged similarly-situated individuals Plaintiff seeks to represent are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 251, *et seq.*, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA. Accordingly, the Court should exercise its discretion to eliminate and/or reduce any potential award of liquidated damages.

6.　　The claims of Plaintiff and the alleged similarly-situated individuals Plaintiff seeks to represent are barred, in whole or in part, by Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 251, *et seq.*, as to all hours during which they were engaged in the following activities: (1) walking, or traveling to and from the actual place of performance of the principal activity or activities which Plaintiff and/or those of some or all of the putative collective members were employed to perform; and, (2) activities which were preliminary to or postliminary to those principal activity or activities.

7.　　The security-related activities described by Plaintiff are not integral and indispensable to his principal work activities. Rather, they are preliminary activities.

8.　　The security-related activities described by Plaintiff are required for everyone entering CoreCivic's correctional facilities —regardless of what the individual does at the facility, and including visitors.

9.      In the event any sum may be found due and owing to Plaintiff or the alleged similarly-situated individuals  Plaintiff seeks to represent, Defendant is entitled to an offset against said sum to the extent paid, tendered, waived,  compromised,  and released, including but not limited to those amounts paid, tendered, waived, compromised, and released through any other proceeding, either formal or informal, or overpayment of wages paid in some other pay period during the Plaintiff's employment.

10.     Any claim for additional compensation by Plaintiff must be reduced by compensation already paid to Plaintiff for periods not compensable under the FLSA. This defense also may apply to the claims of some or all of the allegedly similarly-situated persons in the putative collective.

11.     Plaintiff's claims are barred, in whole or in part, to the extent any activities that Plaintiff or the alleged similarly-situated persons may have performed were (a) not compensable work; (b) preliminary or postliminary to their principal activities, or incidental to them, and thus excluded from FLSA coverage by the Portal-to-Portal Act; or (c) *de minimis*.

12.     To the extent Plaintiff or the alleged similarly-situated persons might have spent insubstantial or insignificant periods of time working beyond their scheduled working hours, such time may be disregarded to the extent it cannot, as a practical administrative matter, be precisely recorded for payroll purposes.

13.     To the extent Plaintiff or the alleged similarly-situated persons voluntarily came in before their regular starting times or remained after their ending times, they do not have to be paid for such periods to the extent that they did not engage in any work during

that time and/or to the extent Defendant did not have actual or constructive knowledge that they engaged in any work during that time.

14.     The Complaint is barred, in whole or in part, by the doctrines of collateral estoppel and/or res judicata to the extent that Plaintiff and some or all of the alleged similarly-situated individuals Plaintiff seeks to represent have litigated issues raised by the Complaint prior to adjudication of those issues in the instant action.

15.     Plaintiff's claims are barred under the doctrine of accord and satisfaction. This defense also may apply to the claims of some or all of the allegedly similarly-situated persons in the putative collective.

16.     For purposes of preserving the defense pending discovery, if Plaintiff or the alleged similarly-situated individuals Plaintiff seeks to represent file or have filed claims for bankruptcy and fail or have failed to disclose in the bankruptcy court filings either: (1) unpaid wages as an amount owed to them; or (2) employment disputes as a claim against a third party, they may be barred from pursuing their wage claims under the doctrine of judicial estoppel and for lack of standing.

17.     The Complaint fails, in whole or in part, because the time alleged by Plaintiff and the alleged similarly-situated individuals Plaintiff seeks to represent does not constitute "hours worked" under the FLSA.

WHEREFORE, having fully answered the Complaint, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, deny Plaintiff's demands and prayer for relief, award Defendant its costs and reasonable attorneys' fees

incurred herein, and grant such other and further relief to which Defendant may be equitably, justly, or legally entitled.

Dated: April 7, 2020.                    Respectfully submitted,


                                         */s/ Jonathan G. Rector*
                                         Jonathan G. Rector
                                         OBA No. 30691

                                         LITTLER MENDELSON, P.C.
                                         A Professional Corporation
                                         2001 Ross Avenue
                                         Suite 1500, Lock Box 116
                                         Dallas, TX 75201.2931
                                         214.880.8100
                                         214.880.0181 (Fax)
                                         jrector@littler.com

                                         And

                                         Jessica L. Craft
                                         OBA No. 31126

                                         LITTLER MENDELSON, P.C.
                                         A Professional Corporation
                                         1301 McKinney Street, Suite 1900
                                         Houston, TX 77010
                                         713.951.9400
                                         713.951.9212 (Fax)
                                         jcraft@littler.com


                                         ATTORNEY    FOR    DEFENDANT
                                         CORECIVIC OF TENNESSEE, LLC

12

## CERTIFICATE OF SERVICE

I certify that on this 7th day of April, 2020, the foregoing document was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, and will be sent electronically to the registered participants identified on the Notice of Electronic Filings, including Plaintiff's counsel of record as follows:

Hans A. Nilges
Shannon M. Draher
Nilges Draher LLC
7266 Portage Street, N.W. Ste. D
Massillon, OH 44646
sdraher@ohlaborlaw.com
hans@ohlaborlaw.com

Edward L. White
Kerry D. Green
Edward L. White, PC
829 E. 33rd Street
Edmond, OK 73013
Telephone: (405) 810-8188
Facsimile: (405) 608-0971
Email: ed@edwhitelaw.com
kerry@edwhitelaw.com

*/s/ Jonathan G. Rector*
Jonathan G. Rector

4825-2190-7896.1 098405.1002